Kathryn L. Johnson (#19150)
Law Office of Kathryn L. Johnson, PLC
2 E. Congress Street, Suite 900
Tucson, AZ 85701
(520) 743-2257; (520) 743-2231 facsimile
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | ) | Case no: 4:09-bk-23492-JMM |
|---|---|---|
| GLENN R. GLANCEY and LORETTA M. GLANCEY | ) ) ) | Chapter 13 Proceeding |
| Debtors. | ) ) ) ) | OBJECTION TO PROOF OF CLAIM NO. 10 AND NOTICE THEREON |

Debtors, GLENN R. GLANCEY and LORETTA M. GLANCEY, by and through counsel undersigned, hereby file this Objection to Proof of Claim No. 10, as follows:

1. On October 31, 2009, BAC Home Loans Servicing, LP filed a Proof of Claim in the amount of $28,493.44, with arrearages of $276.87.

2. Debtors object to the claim in that there is no evidence that BAC Home Loans Servicing, LP has standing to file the Proof of Claim. The documents attached to the Proof of Claim establish that the interest in the deed of trust and note is held by Capital One Home Loans, LLC. There is no transfer or assignment or endorsement on the note demonstrating that BAC Home Loans Servicing, LP is the current holder of the note.

3. The Proof of Claim includes the following statement:

> "Post-petition, pre-confirmation fees have and/or will be incurred by secured creditor in connection with this bankruptcy proceeding for the preparation and filing of this POC and for the review and/or Objection of any Plan. This amount has not been included in the arrearage claim to be paid by the trustee but will be added to the subject loan. The fee will be added to an Amended Proof of Claim upon request and if permitted by the terms of the underlying agreement and applicable law."

4. The Proof of Claim is therefore not complete by Creditor's own admissions. Creditor is required to file a complete Proof of Claim so as to allow Debtors to object if required.

5. Moreover, the Proof of Claim was signed by "Prober & Raphael, A Law

Corporation /s/ Sarah Brietzman." According to the envelope that the Proof of Claim was mailed in, this law firm is in California. However, upon a check of Prober & Raphael's website by counsel undersigned, there is no attorney listed named Sarah Brietzman. Nor is there a listing at the Arizona or California State Bar for an attorney named Sarah Brietzman. If Ms. Brietzman is not an attorney, attorney's fees should not be allowed for her ministerial task of preparing a Proof of Claim form.

6. The recovery of attorney's fees and costs, if Creditor is allowed to add them to the Proof of Claim, is governed by the loan documents. Acceleration of the note is a prerequisite to the entitlement of attorney's fees and costs, and no documents permitting this Creditor to claim these fees and costs are attached to the Proof of Claim.

7. In the Note attached to the Proof of Claim, (with the lender being Capital One Home Loans, LLC) if the borrower is "in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount." (See paragraph 4.(C).) The Note goes on to state that "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses, include, for example, reasonable attorney's fees." (See paragraph 4.(D).) Therefore, under the Note, attorney's fees and costs are only allowable if the Borrower defaults and the Lender accelerates the Note. At the time of filing of the instant bankruptcy, September 22, 2009, Borrowers/Debtors owed their August 25, 2009 payment only (pursuant to the Creditor's Proof of Claim). There is no proof presented that the Note Holder demanded acceleration of the Note. Therefore, attorneys' fees and costs are not authorized pursuant to the Note.

8. With respect to the Deed of Trust, the clause entitling the lender to fees and costs is paragraph 17, which provides that if Borrower is in breach of any covenant or agreement,

> "Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on

or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property...If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including but not limited to, reasonable attorney's fees."

Creditor has not provided proof that it accelerated the debt prior to the bankruptcy filing. Therefore, attorneys' fees and costs are not authorized by the Deed of Trust.

9. The claim should be disallowed.

Debtors respectfully request that this claim be disallowed as recommended above unless on or before 15 days from the mailing of this objection the creditor EITHER:

A. Sends, WITH A COPY OF THIS NOTICE, the proper documentation to the Debtor AND receives a withdrawal of objection; OR

B. Files a written request for a hearing, AND SETS FORTH the specific grounds for such request, with the Clerk of the Bankruptcy Court, and mails a copy thereof to Debtor's counsel at 2 E. Congress Street, Suite 900, Tucson, AZ 85701.

DATED this 23rd day of November, 2009.

                              LAW OFFICE OF KATHRYN L. JOHNSON

                              By: /s/ *Kathryn L. Johnson*
                                   Kathryn L. Johnson
                                   Attorney for Debtor

Copy of the foregoing mailed
this 23rd day of November, 2009 to:

Sarah Brietzman
Prober & Raphael
P.O. Box 4365
Woodland Hills, CA 91365

Dianne C. Kerns, Trustee
7320 N. La Cholla, #154-413
Tucson, AZ 85741

Glenn and Loretta Glancey
8421 N. Bayou Drive
Tucson, AZ 85742

/s/ Alma Duarte